**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* ______________ Chapter **7**

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**06/24**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Omni Laboratory Services, Inc.** |
| **2.** | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **83-1219184** |

**4. Debtor's address**

**Principal place of business**

**5943 N Fairfield Ave, Apt. 2**
**Chicago, IL 60659**
Number, Street, City, State & ZIP Code

**Cook**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

**5. Debtor's website** (URL)

**6. Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify:

**7. Describe debtor's business**

A. *Check one:*

■ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☐ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

■ Chapter 7
☐ Chapter 9
☐ Chapter 11. *Check* ***all*** *that apply*:

- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
- ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the A*ttachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
- ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

Debtor **Omni Laboratory Services, Inc.** Case number (*if known*)
Name

List all cases. If more than 1, attach a separate list

Debtor Relationship
District When Case number, if known

**11. Why is the case filed in *this district?***

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency

Contact name

Phone

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

. *Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor **Omni Laboratory Services, Inc.** Case number (*if known*)
Name

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **February 9, 2025**
MM / DD / YYYY

*X* **/s/ Azzeddine Zairi**
Signature of authorized representative of debtor

**Azzeddine Zairi**
Printed name

Title **President**

**18. Signature of attorney**

*X* **/s/ David Freydin**
Signature of attorney for debtor

Date **February 9, 2025**
MM / DD / YYYY

**David Freydin**
Printed name

**Law Offices of David Freydin**
Firm name

**8707 Skokie Blvd**
**Suite 305**
**Skokie, IL 60077**
Number, Street, City, State & ZIP Code

Contact phone **888-536-6607** Email address **david.freydin@freydinlaw.com**

**6286192 IL**
Bar number and State

**Fill in this information to identify the case:**

Debtor name **Omni Laboratory Services, Inc.**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known) ______

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ______
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration ______

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **February 9, 2025**

X **/s/ Azzeddine Zairi**
Signature of individual signing on behalf of debtor

**Azzeddine Zairi**
Printed name

**President**
Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name **Omni Laboratory Services, Inc.**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known) ____________

☐ Check if this is an amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

**12/15**

**Part 1: Summary of Assets**

1. ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

| | | |
|---|---|---|
| 1a. **Real property:** Copy line 88 from *Schedule A/B*. | $ | **0.00** |
| 1b. **Total personal property:** Copy line 91A from *Schedule A/B*. | $ | **27,918,150.00** |
| 1c. **Total of all property:** Copy line 92 from *Schedule A/B*. | $ | **27,918,150.00** |

**Part 2: Summary of Liabilities**

| | | |
|---|---|---|
| 2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D) Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*. | $ | **0.00** |
| 3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F) | | |
| **3a. Total claim amounts of priority unsecured claims:** Copy the total claims from Part 1 from line 5a of *Schedule E/F*. | $ | **0.00** |
| **3b. Total amount of claims of nonpriority amount of unsecured claims:** Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*. | +$ | **4,252,428.51** |
| 4. **Total liabilities** Lines 2 + 3a + 3b | $ | **4,252,428.51** |

**Fill in this information to identify the case:**

Debtor name **Omni Laboratory Services, Inc.**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known) ____________

☐ Check if this is an amended filing

# Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property

**12/15**

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
■ Yes Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor** — **Current value of debtor's interest**

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | Current value of debtor's interest |
|---|---|---|---|---|
| 3.1. | **Bank of America** | **Checking** | **8065** | **$0.00** |
| 3.2. | **Bank of America** | **Checking** | **0606** | **$0.00** |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.** **$0.00**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

## Part 2: Deposits and Prepayments

6. **Does the debtor have any deposits or prepayments?**

■ No. Go to Part 3.
☐ Yes Fill in the information below.

## Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
■ Yes Fill in the information below.

11. **Accounts receivable**

Debtor **Omni Laboratory Services, Inc.** Case number *(If known)*
Name

| 11b. Over 90 days old: | 27,918,150.00 | - | 0.00 | =.... | $27,918,150.00 |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

12. **Total of Part 3.** **$27,918,150.00**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

**Part 4: Investments**

13. **Does the debtor own any investments?**

- ■ No. Go to Part 5.
- ☐ Yes Fill in the information below.

**Part 5: Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

- ■ No. Go to Part 6.
- ☐ Yes Fill in the information below.

**Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

- ■ No. Go to Part 7.
- ☐ Yes Fill in the information below.

**Part 7: Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

- ■ No. Go to Part 8.
- ☐ Yes Fill in the information below.

**Part 8: Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

- ■ No. Go to Part 9.
- ☐ Yes Fill in the information below.

**Part 9: Real property**

54. **Does the debtor own or lease any real property?**

- ■ No. Go to Part 10.
- ☐ Yes Fill in the information below.

**Part 10: Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

- ■ No. Go to Part 11.
- ☐ Yes Fill in the information below.

**Part 11: All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

- ■ No. Go to Part 12.

Document Page 9 of 35

Debtor **Omni Laboratory Services, Inc.** Case number *(If known)*
Name

☐ Yes Fill in the information below.

Official Form 206A/B Schedule A/B Assets - Real and Personal Property page 3

Debtor **Omni Laboratory Services, Inc.**
Name

Case number *(If known)*

**Part 12: Summary**

**In Part 12 copy all of the totals from the earlier parts of the form**

| | Type of property | Current value of personal property | Current value of real property |
|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | **$0.00** | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | **$0.00** | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | **$27,918,150.00** | |
| 83. | **Investments.** *Copy line 17, Part 4.* | **$0.00** | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | **$0.00** | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | **$0.00** | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | **$0.00** | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | **$0.00** | |
| 88. | **Real property.** *Copy line 56, Part 9*.......................................................................................**>** | | **$0.00** |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | **$0.00** | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | **+ $0.00** | |
| 91. | **Total.** Add lines 80 through 90 for each column | **$27,918,150.00** | **+ 91b. $0.00** |
| 92. | **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | **$27,918,150.00** |

**Fill in this information to identify the case:**

Debtor name **Omni Laboratory Services, Inc.**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known) ____________

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

**12/15**

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

- ■ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
- ☐ Yes. Fill in all of the information below.

**Fill in this information to identify the case:**

Debtor name **Omni Laboratory Services, Inc.**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known) ______

☐ Check if this is an amended filing

# Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims 12/15

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

**Part 1: List All Creditors with PRIORITY Unsecured Claims**

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

■ No. Go to Part 2.

☐ Yes. Go to line 2.

**Part 2: List All Creditors with NONPRIORITY Unsecured Claims**

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims**. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

**3.1** **Nonpriority creditor's name and mailing address**
**2nd Gen Analytics LLC**
**6846 W Grand Ave.**
**Elmwood Park, IL 60707**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** vendor
Is the claim subject to offset? ■ No ☐ Yes

**$12,650.00**

**3.2** **Nonpriority creditor's name and mailing address**
**Amjadullah Quadri**
**2402 W Devon Ave.**
**Chicago, IL 60659**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** vendor
Is the claim subject to offset? ■ No ☐ Yes

**$80,000.00**

**3.3** **Nonpriority creditor's name and mailing address**
**Apex Labs**
**6201 W Howard St.**
**Villa Park, IL 60181**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** vendor
Is the claim subject to offset? ■ No ☐ Yes

**$9,086.00**

**3.4** **Nonpriority creditor's name and mailing address**
**Bawarchi**
**6406 N Oakley Ave.**
**Chicago, IL 60645**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** vendor
Is the claim subject to offset? ■ No ☐ Yes

**$6,300.00**

Debtor **Omni Laboratory Services, Inc.** Case number (if known)

Name

| | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | Amount |
|---|---|---|---|
| 3.5 | **Caravan, Inc.**<br>**6353 n Fairfield Ave.**<br>**Chicago, IL 60659**<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** vendor<br>Is the claim subject to offset? ■ No ☐ Yes | **$13,800.00** |
| 3.6 | **Chicago Dynamic, Inc.**<br>**6526 N Clark St.**<br>**Chicago, IL 60626**<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** vendor<br>Is the claim subject to offset? ■ No ☐ Yes | **$1,192,740.00** |
| 3.7 | **Clinical Associate Medical Services**<br>**380 E Northwest Hwy**<br>**Des Plaines, IL 60016**<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** vendor<br>Is the claim subject to offset? ■ No ☐ Yes | **$135,000.00** |
| 3.8 | **Covetests**<br>**309 W Enterprise Dr**<br>**Unit 307**<br>**Mount Prospect, IL 60056**<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** vendor<br>Is the claim subject to offset? ■ No ☐ Yes | **$179,665.00** |
| 3.9 | **Creative Konnect LLC**<br>**80 Nicholas Drive**<br>**Des Plaines, IL 60016**<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** vendor<br>Is the claim subject to offset? ■ No ☐ Yes | **$324,000.00** |
| 3.10 | **Excellent Consultants, Inc.**<br>**7532 Crawford Ave.**<br>**Skokie, IL 60076**<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** vendor<br>Is the claim subject to offset? ■ No ☐ Yes | **$128,000.00** |
| 3.11 | **Executive Fin Enterprise for UPS**<br>**c/o Ari R Madoff**<br>**PO BOX 8407**<br>**Winnetka, IL 60093**<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** vendor<br>Is the claim subject to offset? ■ No ☐ Yes | **$33,710.51** |

3.12 **Nonpriority creditor's name and mailing address**
**Fullerton Management LLC**
**3442 W Fullerton Ave**
**Chicago, IL 60647**
**Date(s) debt was incurred _**
**Last 4 digits of account number _**

**As of the petition filing date, the claim is:** *Check all that apply.* **$95,000.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim: vendor**
Is the claim subject to offset? ■ No ☐ Yes

3.13 **Nonpriority creditor's name and mailing address**
**Ghani Allied Services, Inc.**
**3120 W Devon Ave**
**Chicago, IL 60659**
**Date(s) debt was incurred _**
**Last 4 digits of account number _**

**As of the petition filing date, the claim is:** *Check all that apply.* **$125,000.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim: vendor**
Is the claim subject to offset? ■ No ☐ Yes

3.14 **Nonpriority creditor's name and mailing address**
**Global Trading, Inc.**
**2156 W Devon Ave, Suite 203**
**Chicago, IL 60659**
**Date(s) debt was incurred _**
**Last 4 digits of account number _**

**As of the petition filing date, the claim is:** *Check all that apply.* **$3,420.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim: vendor**
Is the claim subject to offset? ■ No ☐ Yes

3.15 **Nonpriority creditor's name and mailing address**
**Good Healthcare LLC**
**3801 W Estes Ave.**
**Lincolnwood, IL 60712**
**Date(s) debt was incurred _**
**Last 4 digits of account number _**

**As of the petition filing date, the claim is:** *Check all that apply.* **$144,585.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim: vendor**
Is the claim subject to offset? ■ No ☐ Yes

3.16 **Nonpriority creditor's name and mailing address**
**GoodHealth Services**
**9111 Marion Ave**
**Morton Grove, IL 60053**
**Date(s) debt was incurred _**
**Last 4 digits of account number _**

**As of the petition filing date, the claim is:** *Check all that apply.* **$8,050.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim: vendor**
Is the claim subject to offset? ■ No ☐ Yes

3.17 **Nonpriority creditor's name and mailing address**
**Heba Alhelo**
**5349 W Montrose Ave.**
**Chicago, IL 60641**
**Date(s) debt was incurred _**
**Last 4 digits of account number _**

**As of the petition filing date, the claim is:** *Check all that apply.* **$7,260.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim: vendor**
Is the claim subject to offset? ■ No ☐ Yes

3.18 **Nonpriority creditor's name and mailing address**
**Kopek Labs**
**1S160 Radford Lane**
**Villa Park, IL 60181**
**Date(s) debt was incurred _**
**Last 4 digits of account number _**

**As of the petition filing date, the claim is:** *Check all that apply.* **$47,850.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim: vendor**
Is the claim subject to offset? ■ No ☐ Yes

Debtor **Omni Laboratory Services, Inc.** Case number (if known)
Name

3.19 **Nonpriority creditor's name and mailing address**
**Kundur Reddy**
**NIRMAAN Development**
**1074 Michael Drive, Suite 101**
**Glendale Heights, IL 60139**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.* **$69,105.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** vendor
Is the claim subject to offset? ■ No ☐ Yes

3.20 **Nonpriority creditor's name and mailing address**
**Lumira DX**
**221 Crescent St**
**5th Floor**
**Waltham, MA 02453**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.* **$637,157.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** vendor
Is the claim subject to offset? ■ No ☐ Yes

3.21 **Nonpriority creditor's name and mailing address**
**Makki Mart**
**2440 W Devon**
**Chicago, IL 60659**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.* **$107,000.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** vendor
Is the claim subject to offset? ■ No ☐ Yes

3.22 **Nonpriority creditor's name and mailing address**
**Marsee Corp**
**4664 Old Orchard Rd.**
**Skokie, IL 60076**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.* **$53,000.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** vendor
Is the claim subject to offset? ■ No ☐ Yes

3.23 **Nonpriority creditor's name and mailing address**
**Mohammed Abdul Rahm**
**Mohammed Salim**
**2150 S 11th Street**
**Milwaukee, WI 53215**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.* **$39,200.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** vendor
Is the claim subject to offset? ■ No ☐ Yes

3.24 **Nonpriority creditor's name and mailing address**
**Mohammed Rafi**
**3801 W Estes Ave**
**Lincolnwood, IL 60712**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.* **$8,605.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** vendor
Is the claim subject to offset? ■ No ☐ Yes

3.25 **Nonpriority creditor's name and mailing address**
**Motasem Bahar**
**2427 N Mulligan Ave.**
**Chicago, IL 60639**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.* **$3,180.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** vendor
Is the claim subject to offset? ■ No ☐ Yes

Debtor **Omni Laboratory Services, Inc.** Case number (if known)
Name

3.26 **Nonpriority creditor's name and mailing address**
**MZN Express, Inc.**
**130 Jackson Gilbert**
**Gilberts, IL 60136**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.* **$24,000.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** vendor
Is the claim subject to offset? ■ No ☐ Yes

3.27 **Nonpriority creditor's name and mailing address**
**Nationawide ML Corp**
**2046 W Devon Ave.**
**Chicago, IL 60659**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.* **$89,640.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** vendor
Is the claim subject to offset? ■ No ☐ Yes

3.28 **Nonpriority creditor's name and mailing address**
**Nikah Solutions Corp**
**6251 N Talman Ave**
**Chicago, IL 60659**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.* **$125,000.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** vendor
Is the claim subject to offset? ■ No ☐ Yes

3.29 **Nonpriority creditor's name and mailing address**
**Printly, Inc.**
**6023 Niles Center Road**
**Skokie, IL 60076**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.* **$3,920.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** vendor
Is the claim subject to offset? ■ No ☐ Yes

3.30 **Nonpriority creditor's name and mailing address**
**Pro Bio Pharma Solutions, Inc.**
**1375 Rebecca Drive**
**Suite 215**
**Schaumburg, IL 60194**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.* **$145,000.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** vendor
Is the claim subject to offset? ■ No ☐ Yes

3.31 **Nonpriority creditor's name and mailing address**
**Sidra Rafi**
**3801 W Estes Ave.**
**Lincolnwood, IL 60712**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.* **$1,145.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** vendor
Is the claim subject to offset? ■ No ☐ Yes

3.32 **Nonpriority creditor's name and mailing address**
**Syed K Mubeen**
**7344 W Palma Lane**
**Morton Grove, IL 60053**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.* **$100,000.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** vendor
Is the claim subject to offset? ■ No ☐ Yes

Debtor **Omni Laboratory Services, Inc.** Case number (if known)
Name

| 3.33 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $27,360.00 |
|---|---|---|---|
| | **Sygna LLC**<br>**506 Rokeby Dr.**<br>**Woodstock, GA 30188** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _ | Basis for the claim: vendor | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.34 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $83,000.00 |
|---|---|---|---|
| | **Ved Consulting Services Inc.**<br>**1S160 Radford Lane**<br>**Villa Park, IL 60181** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _ | Basis for the claim: vendor | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.35 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $65,000.00 |
|---|---|---|---|
| | **Vital Labs**<br>**4176 W Montrose Ave**<br>**Chicago, IL 60641** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _ | Basis for the claim: vendor | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.36 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $125,000.00 |
|---|---|---|---|
| | **Zuber Ali**<br>**191 Crosswinds**<br>**San Antonio, TX 78233** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _ | Basis for the claim: vendor | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes | |

## Part 3: List Others to Be Notified About Unsecured Claims

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ 0.00 |
| **5b. Total claims from Part 2** | 5b. + | $ 4,252,428.51 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 4,252,428.51 |

**Fill in this information to identify the case:**

Debtor name **Omni Laboratory Services, Inc.**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an amended filing

# Official Form 206G
# Schedule G: Executory Contracts and Unexpired Leases

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

■ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest<br>State the term remaining<br>List the contract number of any government contract | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest<br>State the term remaining<br>List the contract number of any government contract | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest<br>State the term remaining<br>List the contract number of any government contract | |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest<br>State the term remaining<br>List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name **Omni Laboratory Services, Inc.**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an amended filing

# Official Form 206H
# Schedule H: Your Codebtors

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**1. Do you have any codebtors?**

■ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 | | Street<br>City State Zip Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 | | Street<br>City State Zip Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 | | Street<br>City State Zip Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 | | Street<br>City State Zip Code | | ☐ D<br>☐ E/F<br>☐ G |

**Fill in this information to identify the case:**

Debtor name **Omni Laboratory Services, Inc.**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an amended filing

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/22

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

**Part 1: Income**

1. **Gross revenue from business**

☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **For year before that:**<br>From **1/01/2023** to **12/31/2023** | ■ Operating a business<br>☐ Other | **$10,469.00** |

2. **Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

■ None.

| Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|

**Part 2: List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

■ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3: Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

■ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

**8. Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4: Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5: Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

**Part 6: Certain Payments or Transfers**

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Law Offices of David Freydin**<br>**8707 Skokie Blvd**<br>**Suite 305**<br>**Skokie, IL 60077** | **Attorney Fees** | **various** | **$2,500.00** |

**Email or website address**
**david.freydin@freydinlaw.com**

**Who made the payment, if not debtor?**
**Azzedine Zairi**

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7: Previous Locations**

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8: Health Care Bankruptcies**

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9: Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

- ☐ No.
- ■ Yes. State the nature of the information collected and retained.

**Results of COVID tests, other medical information. Currenty located in paper format in storage.**

Does the debtor have a privacy policy about that information?
☐ No
■ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

- ■ No. Go to Part 10.
- ☐ Yes. Does the debtor serve as plan administrator?

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

## Part 12: Details About Environment Information

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

■ No.
☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

## Part 13: Details About the Debtor's Business or Connections to Any Business

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br>Dates business existed |
|---|---|---|

26. **Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| | Name and address | Date of service From-To |
|---|---|---|
| 26a.1. | **Tax Consulting, Inc.**<br>**2723 W Devon Ave**<br>**Suite 107**<br>**Chicago, IL 60659** | **2018-2023** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

■ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

- ■ No
- ☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Azzeddine Zairi** | **5943 N Fairfield Ave, Apt. 2 Chicago, IL 60659** | **President** | **100** |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

- ■ No
- ☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

- ■ No
- ☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

- ■ No
- ☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

- ■ No
- ☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

## Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **February 9, 2025**

**/s/ Azzeddine Zairi**
Signature of individual signing on behalf of the debtor

**Azzeddine Zairi**
Printed name

Position or relationship to debtor **President**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

- ■ No
- ☐ Yes

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois

In re **Omni Laboratory Services, Inc.** Debtor(s)

Case No. ____ Chapter **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **2,500.00** |
| Prior to the filing of this statement I have received | $ | **2,500.00** |
| Balance Due | $ | **0.00** |

2. The source of the compensation paid to me was:

☐ Debtor ■ Other (specify): **Azzedine Zairi**

3. The source of compensation to be paid to me is:

■ Debtor ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d. [Other provisions as needed]
**Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
**Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**February 9, 2025**
*Date*

**/s/ David Freydin**
**David Freydin**
*Signature of Attorney*
**Law Offices of David Freydin**
**8707 Skokie Blvd**
**Suite 305**
**Skokie, IL 60077**
**888-536-6607 Fax: 866-575-3765**
**david.freydin@freydinlaw.com**
*Name of law firm*

# Bankruptcy Legal Services Agreement

This is an agreement between the undersigned Omni Laboratory Services       (the Client) and the LAW OFFICES OF DAVID FREYDIN, P.C., a debt relief agency that helps people file bankruptcy under the Bankruptcy Code, by which the Client agrees to pay for these services in the following manner:

The fees in this contract are based on the information given by the Client in the initial consultation. After reasonable investigation, as required by law, if the Law Firm determines that the information is substantially different, then the Law Firm retains the right to withdraw from this contract. If the Law Firm determines that the information is substantially different then the Law Firm may offer a new contract at a different rate or may refuse representation in total.

Based on the information provided in the initial consultation the Client agrees to pay the Law Firm $2500 as a "Basic Flat Fee". The "Basic Flat Fee" does not include the cost of Personal Financial Management Instructional Courses (Debtor Education), the cost of Credit Counseling, or any service not specifically listed in this contract.

The "Basic Flat Fee" covers the following services: A) preparation and filing of a Voluntary Petition for Chapter 7 Bankruptcy with no amendments; B) attendance at the first meeting with the trustee scheduled by the court and C) the Law Firm will provide one copy of the filed Bankruptcy Petition and the Discharge of Debtor if applicable. If the Law Firm or the Client decide to terminate this agreement then any funds provided to the Law Office by the Client shall not be refundable to the extent that the Law Firm earns them and the Law Firm can hold the Client owing for any work completed in accordance with the Illinois Rules of Professional Conduct Rules 1.16(a) (4) and (e) based on the regular hourly rate. The debtor must pay for any costs incurred for filing fees or the cost of "reasonable investigation" as provided by law.

The "Basic Flat Fee" only covers those services specifically listed above. The flat fee shall apply only to cases that have been filed with the court. If the services of the Law Firm are terminated either by the requirements set by the Law Firm or by the Client then all funds provided to the Law Firm may be applied to work completed by the Law Firm in accordance with the Illinois Rules of Professional Conduct Rules 1.16(a) (4) and (e) based on the regular hourly rate.

All other services are to be provided at the rate of $395 ("regular hourly rate") per hour billed in 0.2 hour increments. Support staff time at $95 per hour billed in 0.2 hour increments. While the petition is being prepared, if the Client requests substantial changes to the petition (e.g. changing the case from a single person to a joint filing) or if the filing is delayed so that the petition needs to be revised, then the Law Firm will impose a additional fee based on the hourly rate for the change, however, the charge will be no less than $475.

Certain aspects of the services provided may be completed by clerical staff or by licensed and qualified counsel retained by the Law Firm to aid in the efficient and competent completion of the services as contracted. LAW OFFICES OF DAVID FREYDIN, P.C., may not provide all of the services in the contract personally. The attorneys may not be associates or of counsel to the Law Firm. Other attorneys may be used based on necessity. All attorney work will be billed at the same hourly rate set out in this contract regardless of the compensation agreement between the performing attorney and the Law Firm.

The Client authorizes the Law Firm to begin work necessary for bankruptcy filing. The Client authorizes the Law Firm to respond to phone calls from creditors and provide information regarding the preparation and subsequent filing of the bankruptcy. The Client agrees to cooperate with the attorney in the preparation of the Bankruptcy Petition and provide complete, accurate, and truthful information for each and every question. The Client must respond promptly to all correspondence with the Law Firm and provide updated address and telephone numbers. The Client agrees to provide complete disclosure and accurate replacement value for all assets.

The Law Firm is authorized to immediately withdraw from representing the Client under any of the following circumstances: A) the Client fails to cooperate with the Law Firm in the preparation and implementation of the Client's case; B) the Client fails to pay fees and costs as agreed; C) the Client makes misrepresentations or misleading statements to the Law Firm; D) the Client delays filing for two (2) months from signing this agreement without making arrangements with the Law Firm; E) the Client delays filing until circumstances change which affect the bankruptcy law or the process of filing; F) the Client fails to cooperate in the process of preparing the bankruptcy or pursuing the Bankruptcy Petition; or G) the Law Firm feels compelled to withdraw based on law, court order or ethical reasons.

All payment to the Law Firm shall constitute an "advance payment retainer". An advance payment retainer consists of a present payment to the Law Firm in exchange for the commitment to provide legal services in the future. Ownership of this retainer passes to the lawyer immediately upon payment. There exists the option to place funds provided to the Law Firm into a classic security retainer. However, this Attorney Client agreement does not provide for a classic security retainer due to the nature of the bankruptcy proceeding. Funds held under the classic security retainer may be subject to garnishment by creditors and could be seen as an asset by the bankruptcy court.

All documents and notes provided to the Law Firm may be destroyed at the Law Firm's discretion once the Law Firm has completed its representation of the client. The Law Office will impose a charge for replacing lost documents or sending copies of documents. The Client understands that in a Chapter 7 bankruptcy if they receive any substantial windfall within 180 days of filing they must report these amounts to the Chapter 7 Trustee and that these amounts may be taken by the Trustee to pay the debts listed in the bankruptcy.

The Client agrees to keep attorney informed of changes of address, phone number, etc. during the course of the Client's representation by the Law Firm. The Law Firm is not responsible for omissions or errors resulting from information from credit reports, regardless of whether the reports are obtained for the Client by the Law Firm. The Client is responsible for checking his/her petition at the time of signing to make sure that all information is correct and understood, and that all the creditors have been listed.

The Client acknowledges that the attorney is relying on the Client's representations as to the existence of assets and debts, the secured or unsecured nature of these debts, as well as answer to all other questions on the petition. The Client understands that the Law Firm will not investigate the possible existence of liens against the Client's property or person. The Client understands that if any such liens pre-date the filing of the Bankruptcy Petition, it may not be possible to avoid such a lien and the Law Firm makes no representation that any such lien can be avoided. The Client understands that the attorney will not undertake any investigation to determine whether the creditors are secured or unsecured, but will rely upon representations from the Client as to any such security interests. The Client is responsible for paying any costs incurred for the preparation or prosecution of their case. The Client grants permission to the Law Firm to incur reasonable expenses on behalf of the Client towards the preparation and prosecution of this case for which the Client will be responsible.

In the event that this contract does not accurately reflect the representations by the attorney then it is important that the Client not sign these documents until the corrections have been made. The Client acknowledges that no guarantees or assurances have been made by the Law Firm as to the disposition of the petition for bankruptcy. All comments by the attorney are expressions of opinion based upon experience as well as representations made by the Client. All expressions relative thereto are matters of opinion only.

If the Client sees fit to sign a new attorney-client agreement with the Law Firm for services to file and/ or prepare a new bankruptcy filing then this agreement shall be no longer be valid and the new one will control, unless the new contract for bankruptcy services specifically states otherwise. If the new attorney-client agreement is for any other service besides preparing and/or filing a new bankruptcy, then this agreement shall remain valid.

The Client has been informed that certain debts are not dischargeable in bankruptcy. The Law Firm can only offer an opinion on the dischargeability of debt based on the representations of the Client. This contract does not retain the Law Firm to investigate or litigate the determination of dischargability of a debt. The Client understands that Law Firm can make no representations as to the effect of bankruptcy filing on the creditor or credit reports of the Client, Client's spouse, or any co-debtor. The Law Firm is not retained to correct errors of credit reporting agencies. The Client has been informed that bankruptcy could have an effect on immigration, criminal, family law and other non-bankruptcy proceedings and that the Client should consult with an attorney to advise and assist them in these matters.

The Client acknowledges that they are solely responsible for the completion of both the credit counseling and the financial management courses required by the Bankruptcy Code. The Client has acknowledged that failure to complete the course in the set time could result in the case being closed without discharge of debt.

The Client has read this agreement and agrees with its terms and representations.

CLIENTS: ______________________ DATE: 1/18/25

LAW OFFICES OF DAVID FREYDIN, P.C.:

______________________

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Omni Laboratory Services, Inc.**
                                                    Debtor(s)

Case No.
Chapter   **7**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:                                    **36**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   **February  9, 2025**

**/s/ Azzeddine Zairi**
**Azzeddine Zairi**/**President**
Signer/Title

2nd Gen Analytics LLC
6846 W Grand Ave.
Elmwood Park, IL 60707


Amjadullah Quadri
2402 W Devon Ave.
Chicago, IL 60659


Apex Labs
6201 W Howard St.
Villa Park, IL 60181


Bawarchi
6406 N Oakley Ave.
Chicago, IL 60645


Caravan, Inc.
6353 n Fairfield Ave.
Chicago, IL 60659


Chicago Dynamic, Inc.
6526 N Clark St.
Chicago, IL 60626


Clinical Associate Medical Services
380 E Northwest Hwy
Des Plaines, IL 60016


Covetests
309 W Enterprise Dr
Unit 307
Mount Prospect, IL 60056


Creative Konnect LLC
80 Nicholas Drive
Des Plaines, IL 60016


Excellent Consultants, Inc.
7532 Crawford Ave.
Skokie, IL 60076


Executive Fin Enterprise for UPS
c/o Ari R Madoff
PO BOX 8407
Winnetka, IL 60093

Fullerton Management LLC
3442 W Fullerton Ave
Chicago, IL 60647


Ghani Allied Services, Inc.
3120 W Devon Ave
Chicago, IL 60659


Global Trading, Inc.
2156 W Devon Ave, Suite 203
Chicago, IL 60659


Good Healthcare LLC
3801 W Estes Ave.
Lincolnwood, IL 60712


GoodHealth Services
9111 Marion Ave
Morton Grove, IL 60053


Heba Alhelo
5349 W Montrose Ave.
Chicago, IL 60641


Kopek Labs
1S160 Radford Lane
Villa Park, IL 60181


Kundur Reddy
NIRMAAN Development
1074 Michael Drive, Suite 101
Glendale Heights, IL 60139


Lumira DX
221 Crescent St
5th Floor
Waltham, MA 02453


Makki Mart
2440 W Devon
Chicago, IL 60659


Marsee Corp
4664 Old Orchard Rd.
Skokie, IL 60076

Mohammed Abdul Rahm
Mohammed Salim
2150 S 11th Street
Milwaukee, WI 53215

Mohammed Rafi
3801 W Estes Ave
Lincolnwood, IL 60712

Motasem Bahar
2427 N Mulligan Ave.
Chicago, IL 60639

MZN Express, Inc.
130 Jackson Gilbert
Gilberts, IL 60136

Nationawide ML Corp
2046 W Devon Ave.
Chicago, IL 60659

Nikah Solutions Corp
6251 N Talman Ave
Chicago, IL 60659

Printly, Inc.
6023 Niles Center Road
Skokie, IL 60076

Pro Bio Pharma Solutions, Inc.
1375 Rebecca Drive
Suite 215
Schaumburg, IL 60194

Sidra Rafi
3801 W Estes Ave.
Lincolnwood, IL 60712

Syed K Mubeen
7344 W Palma Lane
Morton Grove, IL 60053

Sygna LLC
506 Rokeby Dr.
Woodstock, GA 30188

Ved Consulting Services Inc.
1S160 Radford Lane
Villa Park, IL 60181


Vital Labs
4176 W Montrose Ave
Chicago, IL 60641


Zuber Ali
191 Crosswinds
San Antonio, TX 78233

# United States Bankruptcy Court
## Northern District of Illinois

In re **Omni Laboratory Services, Inc.** Debtor(s)

Case No. 
Chapter **7**

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Omni Laboratory Services, Inc.** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Azzeddine Zairi**
**5943 N Fairfield Ave, Apt. 2**
**Chicago, IL 60659**

☐ None [*Check if applicable*]

**February 9, 2025**
Date

**/s/ David Freydin**
**David Freydin**
Signature of Attorney or Litigant
Counsel for **Omni Laboratory Services, Inc.**

**Law Offices of David Freydin**
**8707 Skokie Blvd**
**Suite 305**
**Skokie, IL 60077**
**888-536-6607 Fax:866-575-3765**
**david.freydin@freydinlaw.com**